08-2507-pr
*Kross v. Napoli*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of December, two thousand and ten.

PRESENT: BARRINGTON D. PARKER,
RICHARD C. WESLEY,
*Circuit Judges*
MIRIAM GOLDMAN CEDARBAUM,
*District Judge.*[*]

_____

MELVIN KROSS,

*Petitioner-Appellant,*

   -v.-                                  08-2507-pr

SUPERINTENDENT NAPOLI,

*Respondent-Appellee.*

_____

---

[*] The Honorable Miriam Goldman Cedarbaum, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:       SALLY WASSERMAN, New York, NY.

FOR APPELLEE:        LEONARD JOBLOVE, Assistant District Attorney (Ann N. Bordley, Assistant District Attorney, *on the brief*), *for* Charles J. Hynes, District Attorney, Kings County, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Korman, *J.*)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Petitioner-Appellant, Melvin Kross, appeals from a March 27, 2008, judgment of the United States District Court for the Eastern District of New York (Korman, *J.*), denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court granted Kross a certificate of appealability, limited to the issue of whether Kross's sentencing pursuant to New York's persistent felony offender statute violated his Sixth Amendment right to a jury trial. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Appellant's sole argument on appeal is that the state court's finding that he was a persistent felony offender within the meaning of N.Y. Penal Code § 70.10 violated his

2

Sixth Amendment right to a jury trial. We recently rejected this argument and upheld New York's persistent felony offender statute, as interpreted by the New York Court of Appeals, against a Sixth Amendment challenge explaining that under that statute, "the predicate felonies alone expand the indeterminate sentencing range within which the judge has the discretion to operate, and that discretion is cabined only by an assessment of defendant's criminal history." *Portalatin v. Graham*, 624 F.3d 69, 94 (2d Cir. 2010) (en banc). Under *Portalatin*, Appellant's argument is foreclosed.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk